IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO C. MARTINEZ, (TDCJ-CID #339106) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-18-2012 |
| JANE DOE SIMMONS, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Mario C. Martinez, a Texas Department of Criminal Justice inmate, sued in June 2018, alleging civil rights violations resulting from a failure to protect his safety. Martinez, proceeding pro se and in forma pauperis, sues Jane Doe Simmons.

The threshold issue is whether Martinez's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.    Plaintiff's Allegations**

Martinez states that he was confined at the Darrington Unit on June 18, 2016. He asserts that Officer Simmons caused him to suffer a heat stroke. Martinez alleges that he asked officers to review his medical restrictions, but to no avail. He explains that he was escorted to the infirmary where medical personnel took his vital signs and called 911. He was transported via ambulance to a UTMB Hospital in Rosharon.

Martinez seeks unspecified compensatory damages and punitive damages.

**II.    Analysis**

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while

incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Martinez's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least two suits and one appeal dismissed as frivolous. *Martinez v. Revell*, 2:97cv314 (dismissed as frivolous on December 8, 1999)(N.D. Tex.); *Martinez v. Doufour*, 98-20106 (dismissed as frivolous on February 9, 1999)(5th Cir.); and *Martinez v. Doufour*, 4:96cv1324 (dismissed as frivolous on December 19, 1997)(S.D. Tex.).

In the present case, Martinez has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Martinez is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

### III. Conclusion

Martinez's Motion to Proceed as a Pauper, (Docket Entry No. 2), is DENIED. The complaint filed by Mario C. Martinez, (TDCJ-ID #339106), is DISMISSED under 28 U.S.C. § 1915(g).[1] Martinez's Motion to Amend Complaint, (Docket Entry No. 5), and Motion for Court's Consideration, (Docket Entry No. 6), are DENIED as moot. All pending motions are DENIED. Martinez is warned that continued frivolous filings may result in the imposition of sanctions.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to plaintiff's

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711 Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on June 27, 2018, 2018.

---
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE